IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND D. TAYLOR, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>C/O J. HAMPTON, *et al.*, )<br>    Defendants. ) | Civil Action No. 7:22-cv-00109<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This case was filed by *pro se* plaintiff Raymond D. Taylor, Jr., a Virginia inmate who is currently housed in a Nevada prison pursuant to an interstate agreement. The case has been conditionally filed, and Taylor has not yet complied with the orders requiring that he provide certain financial information.

Pending before the court are two motions Taylor recently filed.[1] The first is a motion in which he asks for an order directing the court to order officials at his prison to provide his six months of account statements, which he states he is being denied. (Dkt. No. 5.) The second is a motion for preliminary injunction, in which he alleges that his legal mail from the court arrived damaged on one occasion, and in which he states that, ever since he filed a § 1983 action against officers in the VDOC system, the officers at Ely State Prison have been denying him food, showers, outside recreation, and sometimes medical care. He also states that he has unidentified "officers making threats on [his] name," that he is "in fear for [his] life," and that he needs the

---

[1] Taylor also has filed other documents, not titled as motions, in which he requests some relief. For example, in a letter to the Clerk docketed March 3, 2022, Taylor asks that "the magistrate judge . . . get defendants to hurry up and file [their] summary judgment so [he] can respond to it. They [are] wasting the court time and effort." Taylor is advised that the court acts in response to motions. If Taylor wants some type of relief, he should file a document titled as a motion and set forth exactly what action he wants the court to take. In any event, his request is premature. This case has not yet been served, and defendants have not yet entered an appearance. Instead, the court is awaiting Taylor's completion of his *in forma pauperis* application.

court "to assist [him] immediately." (Dkt. No. 6.) He does not identify or explain what steps he wants the court to take or what assistance he wants provided.

Preliminary injunctive relief is an "extraordinary" remedy that courts should grant only "sparingly." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991). The party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 249 (4th Cir. 2014). The remedy may be granted only on a "clear showing" of entitlement to relief. *Winter*, 555 U.S. at 22. Critically, the movant must satisfy all four requirements to obtain preliminary injunctive relief. *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 345–46 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010). And with regard to the second element, the movant must show a reasonable likelihood that the harm is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812.

Important here, a preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant thus must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*; *see In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

The court has reviewed the record and concludes that Taylor is not entitled to injunctive

relief. Not only has he failed to allege *facts* showing that he is likely to suffer irreparable harm in the absence of such relief, but he also is asking for relief against non-defendants, based on events that occurred outside the jurisdiction of this court and that are unrelated to his claims in this case. The court may not grant an injunction against non-defendants, except in very limited circumstances. *Cf.* Fed. R. Civ. P. 65. And because his motion describes actions unrelated to his underlying claims, any injunction would violate the principles set forth in *Omega World Travel*. For all of these reasons, preliminary injunctive relief is not appropriate, and Taylor's motion (Dkt. No. 6) will be denied. If Taylor believes that correctional officials in Nevada are violating his constitutional rights through their actions, he may bring a separate lawsuit raising such allegations in the appropriate court.

With regard to Taylor's request for assistance obtaining his six-month statements, Taylor states under penalty of perjury that he has requested the six-month statements but has been denied them.[2] The court must have the information about his trust account in order to evaluate whether he may proceed *in forma pauperis* in this case.

Accordingly, the court directs the proper official at the prison where Taylor is incarcerated to complete and return to Taylor within ten days of his request the enclosed trust account form, completed and signed, with six months of requested trust account statements attached. The Trust Officer at Taylor's prison also shall treat this Order as an instruction to provide Taylor with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements.

Taylor shall then return the completed inmate account form and statements to the court

---

[2] The court notes that in another case pending before this court, *Taylor v. Hess*, No. 7:21-cv-564, Taylor was able to obtain and submit statements from several of those months (August through October 2021). *See id.*, ECF No. 7.

within thirty days after entry of this order.  FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN THIRTY (30) DAYS MAY RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.  No additional extensions will be granted absent a showing of good cause.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Taylor's motion for preliminary injunction (Dkt. No. 6) is DENIED, and his motion for assistance in obtaining his six month statements (Dkt. No. 5) is GRANTED insofar as the court has directed the appropriate officials at his prison to provide the statements to him and to give him photocopying loans as necessary to provide them.  Taylor must return the account statements within thirty days after entry of this order.

The Clerk is DIRECTED to provide a copy of this order and another copy of the prisoner trust account report to Taylor.

Entered: March 22, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

# PRISONER TRUST ACCOUNT REPORT

Case No.  7:22-cv-00109

Plaintiff: RAYMOND D.TAYLOR, JR. v. Defendant(s): C/O J. HAMPTON, et al

**TO TRUST OFFICER- THIS FORM IS FOR THE TRUST OFFICER TO FILL OUT AND RETURN TO INMATE TO SEND BACK TO THE COURT - *MAKE SURE MONTHLY STATEMENTS ARE INCLUDED* FROM: Clerk, United States District Court for the Western District of Virginia**

**INMATE NAME AND INMATE NO.** RAYMOND D.TAYLOR, JR., #1238927

Under the Prison Litigation Reform Act, a prisoner filing a civil action must obtain from the trust officer of each institution in which the prisoner was confined during the **preceding six-months** a certified copy of the prisoner's trust account statement for the six-months prior to the filing of the civil action. Accordingly, the trust officer is requested to complete this form, attach supporting ledger/statements, *and return these documents to the prisoner within 10 days.*

Was the inmate incarcerated anywhere else besides this facility in the last six months? _____ Yes _____ No

If yes, which facility? _____

If yes, state month(s) and year(s) the inmate was incarcerated at that other facility.

_____Month(s) _____Year(s)

**(Example- If this case was filed in January- The court needs six-month statements for July – December)**

Total Deposits for **six-months prior** to filing this action    Account Balance on last day of month for **six-months prior** to filing this action

| Month | Amount | Month | Amount |
|---|---|---|---|
| AUGUST | _____ | AUGUST | _____ |
| SEPTEMBER | _____ | SEPTEMBER | _____ |
| OCTOBER | _____ | OCTOBER | _____ |
| NOVEMBER | _____ | NOVEMBER | _____ |
| DECEMBER | _____ | DECEMBER | _____ |
| JANUARY | _____ | JANUARY | _____ |

$_____    $_____
AVERAGE MONTHLY DEPOSITS          AVERAGE MONTHLY BALANCE

I certify that the above information accurately states the deposits and balances in the prisoner's trust account for the period shown and that the attached six-month statements are true copies of account records maintained in the ordinary course of business.

**TRUST OFFICER SIGNATURE**_____**DATE:**_____

***In the event the prisoner has insufficient funds in his/her prisoner trust account to pay for copies of the required six-month statements, the facility shall provide the prisoner additional photocopying service loans.**